On May 9,1975 the court issued the following order:
Before SkeltoN, Judge, Presiding, KttNzig and BeNNett, Judges.
“This case comes before the court on the exceptions of the parties to the opinion and findings filed September 30,1974, *947 by Trial Judge Willi [reported in full text at 1974 P-H Fed. Tax. para. 58036 and 1974 CCH Stand. Fed. Tax Eep. para. 7916] who held in plaintiff’s favor on part of its claim. The issue in the case is the deductibility for federal tax purposes of various amounts paid to three company officers during fiscal years ended September 30, 1962, 1963, and 1964. The Commissioner of Internal Eevenue disallowed claimed deductions to the extent that they exceeded lower figures arrived at by him in reviewing plaintiff’s returns which claimed salary deductions as ordinary and necessary expenses under Sec. 162(a) (1) of the Internal Eevenue Code-of 1954. The trial judge found and concluded that for each of the years in suit not more than $60,000 paid to Paul Willson, $12,000 paid to Sara DeSaix Genies, and $6,000 paid to Milton Gordon represented compensation, reasonable in amount, for services actually rendered plaintiff.
“Upon consideration of the findings and opinion of the trial judge, the briefs and exceptions of the parties, and upon oral argument, the court is satisfied that- the trial judge’s findings and opinion, copies of which have heretofore been furnished to the parties, are correct with the exception that in finding No. 15 the figure for total assets for fiscal year 1963 should be $3,271,223 and for fiscal year 1964 should, be $3,837,664, and they are-hereby corrected to so reflect.
“it is therefore ordered that the court hereby adopts the findings and opinion of the trial judge, as modified above, as the basis for its judgment in the case. Entry of final judgment is deferred until the amount of recovery has been determined in further proceedings under Eule 131, for which proceedings the case is remanded to the trial judge.”
In accordance with the foregoing order of the court, a memorandum report of the trial judge, and a stipulation of the parties, on November 14,1975 the court entered judgment for plaintiff as follows:

Year Taw and, Assessed Interest

EYE 9/30/62- .$9,977.93
EYE 9/30/63- 8,963.12
EYE 9/30/64 - 9,610.57
*948 The court also ordered that plaintiff be allowed interest as provided by law on the above amounts, such interest to run from October 9,1967 on all tax and assessed interest balances for fiscal years 1962 and 1963 and from October 29,1967 on the balance of tax and assessed interest for fiscal year 1964.